UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
GILLIAN VAN DE CRUIZE,

                Petitioner,

    -against-

UNITED STATES OF AMERICA,

                Respondent.
-------------------------------------------------x

MEMORANDUM AND ORDER
08 CV 3283 (ILG)

GLASSER, United States District Judge:

On July 29, 1996, the petitioner was sentenced to a term of imprisonment for 235 months following her conviction after a jury trial of conspiracy to import cocaine in violation of 21 U.S.C. § 963, importation of cocaine in violation of 21 U.S.C. § 952(a), and possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Her conviction was affirmed by Summary Order of the Court of Appeals on May 19, 1997.

In a motion filed on May 11, 1998, the petitioner sought an order pursuant to 28 U.S.C. § 2255 that would vacate her sentence alleging ineffective assistance of counsel. That ineffectiveness, she alleges, consisted of not advising her of her option to plead guilty instead of proceeding to trial and of refusing to permit her to testify on her own behalf. In a Memorandum and Order dated October 16, 1998, familiarity with which will be assumed, her petition was dismissed.

The petitioner thereafter moved for a Certificate of Disability, which the Court of Appeals denied on February 23, 2000, and on May 1, 2000, that Court denied her motion for reconsideration.

Undeterred by her persistently unsuccessful litigation, on April 24, 2001, proceeding *pro se*, she filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the District Court for the District of Connecticut raising a claim under Apprendi v. New Jersey, 530 U.S. 466 (2000). By an Order dated May 29, 2001, her petition was transferred to this Court. On July 11, 2001, this Court converted her petition to one pursuant to 28 U.S.C. § 2255. Having been previously denied the relief she sought in an earlier § 2255 petition, this petition being the second filed pursuant to that section, permission to pursue it required the permission of the Court of Appeals and in accordance with Liriano v. United States, 93 F.3d 119 (2d Cir. 1996), her petition was transferred to the Court of Appeals. On October 11, 2001, the Court of Appeals denied her application without prejudice to renewing it in the event the Supreme Court makes Apprendi retroactive.

Some twelve years later, on August 13, 2008, Ms. Van De Cruize files yet another motion styled one "For Review of Her Sentence Pursuant to Title 18 U.S.C. § 3742." She claims that her sentence was imposed in violation of the Sixth and Eighth Amendments; that the sentence was attributed to the amount of imported drugs for which she was held accountable and which was never submitted to the jury and proved beyond a reasonable doubt; that relevant evidence was wrongfully excluded. Her reliance upon § 3742, which provides for the review of sentences on appeal, is misplaced and her characterization of her motion as one pursuant to that section is not binding on this Court. Chambers v. United States, 106 F.3d 472, 475 (2d Cir. 1997). To the extent that her motion may be interpreted as harking back to Apprendi v. New Jersey, 530 U.S. 466 (2000), the rule announced there does not apply retroactively to motions pursuant to § 2255. Coleman

2

v. United States, 329 F.3d 77 (2d Cir. 2003). The challenge she mounts is a poorly disguised third successive petition pursuant to 28 U.S.C. § 2255 to vacate, set aside or modify her sentence and is time barred. 28 U.S.C. § 2255(f) ("A 1-year period of limitation shall apply to a motion under this section.")

The history of this case marks it as one to which the observations of Justice Harlan concurring in Mackey v. United States, 401 U.S. 667 at 691 (1971), speaks eloquently:

> Surely it is an unpleasant task to strip a man of his freedom and subject him to institutional restraints. But this does not mean that in so doing, we should always be halting or tentative. No one, not criminal defendants, not the judicial system, not society as a whole is benefitted by a judgment providing a man shall tentatively go to jail today, but tomorrow and every day thereafter his continued incarceration shall be subject to fresh litigation on issues already resolved.

See also United States v. Parness, 536 F.2d 474, 475 (2d Cir. 1976).

The motion is dismissed in accordance with Rule 4(b) of the Rules Governing § 2255 proceedings.

SO ORDERED.

Dated:    Brooklyn, New York
          August 29, 2008

s/I. Leo Glasser, Sr. USDJ
_____
I. Leo Glasser